IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SERGO KARAPETYAN and <br> MILENA KARAPETYAN, <br><br> *Plaintiffs,* <br><br> V. <br><br> JPMORGAN CHASE BANK, N.A. and <br> WASHINGTON MUTUAL BANK, F.A., <br><br> *Defendants.* | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CASE NO. 4:10cv536 <br> Judge Clark/Judge Mazzant |

**MEMORANDUM ADOPTING REPORT AND**
**RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On June 6, 2012, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that defendant's Motion for Summary Judgment [Doc. #30] be granted.

Plaintiffs object to the United States Magistrate Judge's report and recommendations pertaining to breach of the trial payment plan, breach of RESPA, breach of the Deed of Trust and Texas Property Code, and defendant's waiver of the right to accelerate and foreclose. Plaintiffs object to the finding that plaintiffs' payments under the trial payment plan were not valid consideration. However, plaintiffs fail to cite to any Texas authority to support their contention, instead relying upon cases from other states. Moreover, even if this was error, the Magistrate Judge found that plaintiffs were not entitled to a loan modification under the terms of the Trial Period Plan ("TPP"). Plaintiffs next object to the Magistrate Judge's report that TPP was unenforceable under

1

the statute of frauds. Plaintiffs reargue the same arguments made before the Magistrate Judge and fail to establish a material fact issue that would allow promissory estoppel to prevent application of the statute of frauds. Plaintiffs also fail to assert a proper RESPA claim. Plaintiffs next object that they assert a proper violation of the Deed of Trust and the Texas Property Code, because Chase failed to provide the amount plaintiffs needed to pay in order to reinstate the loan and prevent the foreclosure sale. The Magistrate Judge correctly pointed out that plaintiffs admit that they received the notice of default, notice of acceleration, and notice of trustee's sale. The notice of acceleration notified plaintiffs that in order to avoid foreclosure, they must pay $8,653.24. Plaintiffs fail to establish any requirement under the Deed of Trust or the Texas Property Code that requires Chase to provide an updated reinstatement amount. Plaintiffs also object that Chase's actions and statements were inconsistent with its default powers establishing waiver by Chase. The Magistrate Judge correctly found that Chase did not waive its foreclosure rights, because it never agreed to permanently modify plaintiffs' loan. Plaintiffs failed to offer sufficient summary judgment evidence that Chase waived its right to foreclose.

Plaintiffs also object to the Magistrate Judge's report that plaintiffs' claim for unreasonable collections efforts should be dismissed. Plaintiffs assert that the Magistrate Judge applied a more stringent standard, and that application of the proper standard would lead to a different result. The Magistrate Judge relied upon the definition from *EMC Mortg. Corp. v. Jones*, 252 S.W.3d 857 (Tex. App.--Dallas 2008. no pet.). Plaintiffs mistakenly argue that a lender's negligence can give rise to the intentional tort of unreasonable collection practices. The court has consistently applied the EMC standard. *See Watson v. Citimortgage*, Inc., 814 F. Supp. 2d 726, 734 (E.D. Tex. 2011); *Henry v. Citimortgage*, No. 4:11-CV-83, 2011 WL 2261166, at *4 (E.D. Tex. May 10, 2011); *Burnette v.

*Wells Fargo Bank, N.A.*, No. 4:09-CV-370, 2011 WL 676955, at *6 (E.D. Tex. Jan. 27, 2011).

In plaintiffs' reply in support of objections, plaintiffs assert, for the first time, that the court ruled on plaintiffs' anticipatory breach of contract claim even though defendant failed to address this claim in its motion. Plaintiffs argue that a summary judgment cannot be upheld on any ground not presented in the summary judgment motion, citing *John Deere Co. v. American Nat. Bank, Stafford*, 809 F.2d 1190, 2292 (5th Cir. 1987). Plaintiffs' argument is misplaced and frivolous. The Magistrate Judge addressed this issue and stated as follows:

> Plaintiffs assert that Defendant did not move for summary judgment on their claim for anticipatory breach of contract. Defendant asserts in its reply that Plaintiffs did not assert this claim as a separate claim and that Defendant has conclusively refuted each allegation supporting the breach of contract claims, including the allegations supporting the alleged anticipatory. The Court agrees. Also, a review of the Amended Complaint illustrates that there was no clear breakdown between Plaintiffs' breach of contract claim and their anticipatory breach of contract claim other than the heading.

The Magistrate Judge did not *sua sponte* raise issues not asserted in defendant's motion for summary judgment. Plaintiffs fully briefed the issues raised in defendant's motion, and the Magistrate Judge recommended dismissal of the breach of contract claim and applied the same reasoning to support dismissal of the anticipatory breach of contract claim. The Magistrate Judge did not dismiss this claim based on reasons not briefed by the parties. Moreover, plaintiffs did not assert this claim as a separate claim, but instead tied both claims together. No error occurred.

Having received the report of the United States Magistrate Judge, and considering the objections thereto filed by plaintiffs [Doc. #36], as well as defendant's response [Doc. #37] and plaintiffs' reply [Doc. #38], this court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report as the findings and conclusions of the court.

It is, therefore, **ORDERED** that defendant's Motion for Summary Judgment [Doc. #30] is **GRANTED,** and plaintiffs' case is **DISMISSED** with prejudice.

So **ORDERED** and **SIGNED** this **12** day of **August, 2012.**

_____
Ron Clark, United States District Judge